Robert B. Smith, Esq. (SBN 250328)
**MORGAN & MORGAN CALIFORNIA, LLP**
18100 Von Karman, Suite 200
Irvine, CA 92612
Telephone: (949) 898-6525 | Facsimile: (949) 898-6675
Email: robert.smith@forthepeople.com

Attorneys for Plaintiff, RANDY FREUND

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY FREUND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; ALBERTO MARTINEZ, an individual; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: **'25CV2047 RSH MSB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. NEGLIGENCE – MOTOR VEHICLE<br>2. NEGLIGENCE PER SE<br>3. NEGLIGENT ENTRUSTMENT<br>4. NEGLIGENT HIRING, SUPERVISION & RETENTION<br><br>DEMAND FOR TRIAL BY JURY |

COMES NOW PLAINTIF RANDY FREUND, complaining of Defendants and alleges as follows:

**I. JURISDICTION**

1. This action is brought pursuant to the Tort Claims Act, 28 U.S.C. §2671 et seq. Jurisdiction is founded on 29 U.S.C. §§1346(b).

**II. VENUE**

2. Venue is proper in the Southern District of California. The motor vehicle accident giving rise to this complaint occurred at or near Clearwater Way, San Diego, California 921154, which is within the present judicial district. Plaintiff also resides within this judicial district.

1
**COMPLAINT FOR DAMAGES**

## III. PARTIES

3. Plaintiff RANDY FREUND (hereafter "PLAINTIFF") is and at all relevant times was a resident of San Diego County, California.

4. At all times mentioned herein, Plaintiff was the driver of a white Chevrolet pickup truck Regal with the California license plate number of 3677923.

5. At all times relevant herein, Defendant U.S. CUSTOMS AND BORDER PATROL is a governmental agency.

6. At all times mentioned herein, Plaintiff is informed and believes, and thereupon alleges, that Defendant ALBERTO MARTINEZ was the driver and operator of a U.S. Border Patrol vehicle, white Chevrolet van at the time of the INCIDENT.

7. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOE 1 through DOE 50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names; and when the true names and capacities of said Defendants are ascertained, Plaintiff will amend this Complaint accordingly.

8. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOE 1 through DOE 50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names; and when the true names and capacities of said Defendants are ascertained, Plaintiff will amend this Complaint accordingly.

9. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE were negligent and are responsible in some manner for the events and happenings herein referred to and their negligence proximately caused the injuries and damages sustained by Plaintiff as herein alleged, either through said Defendants' own negligent conduct or through the conduct of their agents, servants, or employees, or in some other manner.

10. At all times relevant herein, each Defendant was the principal, agent,

servant, employer, employee, supervisor, assistant, joint venture, co-partner and/or consultant of each other and, at all times relevant hereto, was acting within the course and scope of such agency or relationship in the selection and hiring, retention, training and supervision of each and every other Defendant as an agent, employee and/or joint venture. Furthermore, that each said Defendant, while acting as a principal expressly directed, consented to, approved, affirmed, and ratified each and every action taken by his co-Defendants, as hereinafter alleged. Plaintiff is informed, believes, and thereon alleges that said fictitiously named Defendants, thereby proximately causing Plaintiff's injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants or employees, or due to their ownership, rental, use, repair, maintenance of the vehicle driven by Defendant ALBERTO MARTINEZ in the collision.

## IV. FACTS COMMON TO ALL ACTIONS

11. On October 28, 2024, PLAINTIFF was traveling eastbound on a service road called "no man's land" at or near Clearwater Way in the right-hand lane, San Diego, California.

12. At the same time, a U.S. Border Patrol vehicle driven by Defendant ALBERTO MARTINEZ, an employee of Defendant U.S. CUSTOMS AND BORDER PROTECTION, also traveling eastbound on the service road at or near Clearwater Way on the left-hand side of the road (wrong side of the road) a short distance ahead of PLAINTIFF.

13. Defendant ALBERTO MARTINEZ veered to the shoulder and proceeded to speed up and peel out in an attempt to make a fast U-turn, hitting PLAINTIFF's vehicle along the driver-side rear door, cab, and bed of the truck.

14. On said date, Defendants ALBERTO MARTINEZ, an employee of Defendant UNITED STATES OF AMERICA, U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them, drove carelessly,

negligently and with extreme recklessness, including, but not limited to, following a motor vehicle more closely than reasonable and prudent.

15. In failing to use due care in operating his vehicle, ALBERTO MARTINEZ, the driver and an employee of Defendant U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them, inclusive and each of them, carelessly and negligently crashed into the driver-side rear door, cab, and bed of the truck, which was travelling eastbound on a service road on Clearwater Way.

16. On January 6, 2025, the PLAINTIFF submitted a claim based on the allegations herein to the U.S. Customs and Border Protection. The U.S. Border Patrol expressly denied the claim on June 30, 2025. Accordingly, PLAINTIFF has complied with the requirements of the Federal Tort Claims Act for the timely filing of claims. Such claims having been denied, Plaintiff hereby institutes the present lawsuit.

## V. FIRST COUNT/CAUSE OF ACTION
## NEGLIGENT OPERATION OF A MOTOR VEHICLE
### (By Plaintiff Against All Defendants)

18. PLAINTIFF incorporates herein by reference preceding paragraphs above as though fully set forth herein.

19. On October 28, 2024, a U.S. CUSTOMS AND BORDER PROTECTION vehicle was operated by a U.S. CUSTOMS AND BORDER PROTECTION agent or employee and DOES 1 through 50, as he was in the course and scope of his employment with Defendant U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them. Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them were driving negligently and carelessly, including but not limited to making an illegal U-turn and crashing into PLAINTIFF'S vehicle.

20. Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them acted carelessly, recklessly, unskillfully, unlawfully, tortiously, wantonly and wrongfully entrusted, permitted, managed, serviced,

repaired, inspected, maintained, operated, controlled, and drove the U.S. Customs and Border Protection vehicle as to proximately cause the same to collide against the vehicle in which PLAINTIFF, was then driving, as aforesaid, thereby proximately causing the injuries and damages hereinafter mentioned.

21. Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them were also negligent in failing to keep attentive as to his whereabouts and oncoming traffic. Said Defendants knew or should have known that there was traffic and making an illegal U-turn would be unsafe, all of which negligence, carelessness and recklessness constituted the proximate cause of him crashing into PLAINTIFF'S vehicle.

22. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff was injured about his body and its members and was rendered sick, sore, lame and disabled, and was injured in health, strength and activity, a portion of said injuries being permanent. As a result of said injuries, Plaintiff has had, and in the future will have, physical, mental and emotional pain, suffering, worry and anxiety.

23. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff suffered grave and serious mental anguish, fear, anxiety and illness, a portion of said injuries being permanent. As a proximate result of said injuries and damages, Plaintiff has had, and in the future will have, physical, mental and emotional pain, suffering, worry and anxiety.

24. By reason of said injuries, Plaintiff has incurred, and probably will incur in the future, hospital, surgical, ambulance, medical, nursing and household expenses, all to his further damage.

25. By reason of said injuries, Plaintiff was unable to do their usual work for a period of time, have been unable to do a portion of their work since that time, will be partially disabled in the future and have sustained damage to their future earning capacity, all to their damage, according to proof.

26. By reason of said injuries, Plaintiffs have sustained damage to their future earning capacity, all to their further damage, according to proof.

27. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiffs' vehicle sustained damages.

28. By reason of said collision, Plaintiff was deprived of the use of an automobile for a period of time, all to Plaintiffs' further damage, according to proof.

## VI. SECOND COUNT/CAUSE OF ACTION
## NEGLIGENCE PER SE
## (By Plaintiff Against All Defendants)

29. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as though fully set forth herein, and incorporates the same herein by reference.

30. At all times mentioned herein, there were statutes in force, ordinances, and regulations prohibiting the conduct exhibited by Defendants, and each of them.

31. California Vehicle Code section 22107 provides, "No person shall turn a vehicle from a direct course or move right or left upon a roadway until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided in this chapter in the event any other vehicle may be affected by the movement..."

32. Defendant ALBERTO MARTINEZ violated California Vehicle Code Section 22100.5 by making an illegal U-turn/unsafe lane change. s

33. California Vehicle Code Section 22107 was in full force and effect at the time of the incident.

34. Violation of these Vehicle Code Section constitutes negligence per se under California Evidence Code §669(a).

35. That Plaintiff was a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted or promulgated.

36. That the acts of Defendants, and each of them, as described herein, violated the traffic laws of the State of California, which constituted negligence per se.

37. That Plaintiff sustained injuries that were the type said statutes, ordinances, and regulations were intended to prevent.

## VII. THIRD COUNT/CAUSE OF ACTION
## NEGLIGENT ENTRUSTMENT
**(By Plaintiff Against U.S. Customs and Border Protection, and Does 1 through 50)**

38. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as though fully set forth herein and incorporates the same herein by reference.

39. At the time of the INCIDENT, Defendant ALBERTO MARTINEZ was negligent in operating the vehicle because he failed to exercise due care and carelessly collided into Plaintiff's vehicle.

40. Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them, were the employer/partner/principal of the U.S. Customs and Border Protection vehicle, which was being operated by Defendant ALBERTO MARTINEZ at the time of the INCIDENT. Defendant ALBERTO MARTINEZ had permission to operate this vehicle in the course and scope of employment for the benefit of Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them.

41. Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them knew or should have known that Defendant ALBERTO MARTINEZ was incompetent or unfit to drive the subject vehicle and should not have entrusted him to operate the vehicle. Defendants could have done a background check or Defendants' agents could have asked questions to Defendant ALBERTO MARTINEZ about his competency to drive the subject vehicle.

42. Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them, carelessly, recklessly, and without much

1  consideration permitted Defendant ALBERTO MARTINEZ to drive the vehicle causing
2  the violent collision with Plaintiff's vehicle which resulted in severe injuries to Plaintiff.
3         43.    Defendant ALBERTO MARTINEZ's incompetence or unfitness due to his
4  carelessness in operating the vehicle was the substantial factor in causing
5  harm to Plaintiff.
6         44.    Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1
7  through 50, inclusive and each of them, are responsible for the severe injuries and harm
8  caused by ALBERTO MARTINEZ's conduct as he was an agent or employee of
9  Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50,
10 inclusive and each of them, and was acting within the course and scope of his
11 employment and/or agency with Defendants U.S. CUSTOMS AND BORDER
12 PROTECTION, and DOES 1 through 50, inclusive and each of them, at the time of the
13 INCIDENT, and Defendant ALBERTO MARTINEZ's conduct arose from a risk
14 inherent or created by the employment/agency/ Defendants U.S. CUSTOMS AND
15 BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them.
16        45.    As a direct, proximate, foreseeable, and legal result of the conduct of the
17 Defendants, and each of them, Plaintiff was hurt and injured in his health, strength, and
18 activity, sustaining injury to his body, shock and injury to their nervous system and
19 persons, all of which said injuries have caused and continue to cause Plaintiff great
20 mental, physical and nervous strain, pain and suffering. Plaintiff is informed and believes,
21 and thereupon alleges, that Plaintiff will thereby continue to suffer from his injuries, all to
22 Plaintiff's general damages in an amount according to proof.
23        46. As a direct, proximate, foreseeable, and legal result of the conduct of the
24 Defendants, and each of them, Plaintiff was required to and did employ physicians and
25 surgeons and various healthcare providers to examine, treat, and care for Plaintiff and did
26 incur medical, therapeutic and related expenses in an amount according to proof. Plaintiff
27 is informed and believes, and thereon alleges, that Plaintiff will incur medical,
28 therapeutic and related expenses in the future, in an amount according to proof.

**8**
**COMPLAINT FOR DAMAGES**

47. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was required to and did lose time from his occupation and thereby sustained loss of earnings and/or loss of earning capacity. Plaintiff is informed and believes, and thereon alleges, that Plaintiff will lose time in the future from said occupation and that Plaintiff's respective future earning capacity have been impaired, all to their further loss, in an amount according to proof.

## VIII. FOURTH CAUSE OF ACTION

## NEGLIGENT HIRING, SUPERVISION, OR RETENTION

**(By Plaintiff Against U.S. Customs and Border Protection, and Does 1 though 50)**

48. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as though fully set forth herein, and incorporates the same herein by reference.

49. Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive, and each of them, hired Defendant ALBERTO MARTINEZ, who was an employee, agent, ostensible agent, and/or representative of U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, at the time of the INCIDENT.

50. Plaintiff is informed and believes, and thereupon alleges, that Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive, and each of them, knew or in the exercise of reasonable care or diligence should have known that Defendant ALBERTO MARTINEZ was at the time of hiring, or became, sometime between the date hired and a date before the SUBJECT INCIDENT, unfit or incompetent to perform the work for which he was hired to perform, and that this unfitness and/or incompetence in the safe operation of a motor vehicle created a particular risk of harm to others, such as Plaintiff herein.

51. Plaintiff is informed and believes, and thereupon alleges, that Defendant ALBERTO MARTINEZ was, at the time of hiring, or became, sometime between the date hired and a date before the SUBJECT INCIDENT, unfit or incompetent to perform the work for which he was hired to perform, chiefly, to safely operate a motor vehicle

that serves as a means of transportation for the general public upon which Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, garners significant profits from.

52. Plaintiff is informed and believes, and thereupon alleges that Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them, so negligently failed to supervise Defendant ALBERTO MARTINEZ despite their prior knowledge of his unfitness and/or incompetence, whether actual or constructive, in his operation of a motor vehicle while at the direction, control, or influence of Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them.

53. Plaintiff is informed and believes, and thereupon alleges that Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them, so negligently and carelessly elected to retain Defendant ALBERTO MARTINEZ who continues to remain as an employee, agent, ostensible agent, and/or a representative of Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of them, in the transportation industry generally.

54. Plaintiff is informed and believes, and thereupon alleges that Defendant ALBERTO MARTINEZ's unfitness and/or incompetence in the operation of his motor vehicle in fact created the particular risk of harm that Plaintiff ultimately suffered; that is, Defendant ALBERTO MARTINEZ's unfitness/incompetence in his operation of a vehicle directly harmed Plaintiff when Defendant ALBERTO MARTINEZ negligently and carelessly collided with Plaintiff's vehicle, injuring Plaintiff's person.

55. Plaintiff is informed and believes, and thereupon alleges that Defendants U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive and each of their negligence in the hiring, supervision, and/or retention of Defendant ALBERTO MARTINEZ despite prior knowledge, whether actual or constructive, of his unfitness and incompetence, was a substantial factor in causing Plaintiff's harm.

56. As a direct, proximate, foreseeable, and legal result of the conduct of

the Defendants, and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body, shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous strain, pain and suffering. Plaintiff is informed and believes, and thereupon alleges, that Plaintiff will thereby continue to suffer from his injuries, all to Plaintiff's general damages in an amount according to proof.

57. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was required to and did employ physicians and surgeons and various healthcare providers to examine, treat, and care for Plaintiff and did incur medical, therapeutic and related expenses in an amount according to proof. Plaintiff is informed and believes, and thereon alleges, that Plaintiff will incur medical, therapeutic and related expenses in the future, in an amount according to proof.

58. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was required to and did lose time from his occupation and thereby sustained loss of earnings and/or loss of earning capacity. Plaintiff is informed and believes, and thereon alleges, that Plaintiff will lose time in the future from said occupation and that Plaintiff's respective future earning capacity have been impaired, all to their further loss, in an amount according to proof.

## IX. PRAYER

WHEREFORE, Plaintiff demands the following relief, jointly and severally, against all the Defendants:

(a) For damages for injuries sustained due to the negligence of the U.S. CUSTOMS AND BORDER PROTECTION, and DOES 1 through 50, inclusive, and each of their and employees, including past and future medical expenses, lost wages, loss of earning capacity, pain and suffering, mental anguish, and all other appropriate damages resulting from his injuries in the sum of at least $1,000,000.00.

(b) Costs of suit necessarily incurred herein; and

(c) Such further relief as the Court deems just or proper.

Dated: August 8, 2025           **MORGAN & MORGAN CALIFORNIA, LLP.**

By:_____
    Robert B. Smith, Esq.
    Attorney for Plaintiff,
    RANDY FREUND

1 **DEMAND FOR JURY TRIAL**

2 Plaintiff hereby demands a trial by jury as to all issues and causes of action.

3

4  Dated: August 8, 2025                **MORGAN & MORGAN CALIFORNIA, LLP**

5

6                                         By:_____
7                                              Robert B. Smith, Esq.
                                              Attorney for Plaintiff,
8                                             RANDY FREUND